IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**MARY JORDAN, et al.,**          CASE NO. 3:21 CV 1233

    Plaintiffs,

    v.                         JUDGE JAMES R. KNEPP II

**CITY OF TOLEDO, et al.,**

    Defendants.               **ORDER**

    Currently pending before the Court are (1) Plaintiff Jerome Williams's (hereinafter "Plaintiff") Motion to Amend and Supplement Pleading Under Fed. R. Civ. P. 15(d) (Doc. 23); (2) Plaintiff's Motion to Amend and Supplement Pleading Under Fed. R. Civ. P. 15(c)(1)(C) (Doc. 24); and Defendants' Motion to Strike Plaintiff's Affidavit (Doc. 26).

    Plaintiff's first motion seeks to supplement his Complaint with additional allegations regarding his emotional distress claim. *See* Doc. 23. Specifically, he seeks to add additional sub-parts to paragraph 39 of his original Complaint. *See id.* at 1; Doc. 1, at 16 (paragraph 39 reading "The defendants clearly acted in bad faith and with malice: i.e., the intentional infliction of emotional distress."). His Affidavit does the same. *See* Doc. 25.[1] Plaintiff Williams's second Motion seeks to amend his Complaint to substitute Detective Gary Bunting, Robert Kay, Jonathan Curtis, and Carlyle Gafeney for the "John and Jane Doe" defendants originally cited. (Doc. 24).

    Defendants have not directly responded to Plaintiff's Motions, but filed a Motion to Strike Plaintiff's Affidavit, contending it is an improper reply to Defendants' Answer. (Doc. 26). Therein,

---

1. The Affidavit restates, virtually verbatim, the allegations in the motion to amend. *Compare* Doc. 23 *with* Doc. 25.

Defendants note Plaintiff has not filed an Amended Complaint as instructed by the Court. Plaintiff filed a response thereto, arguing his Affidavit is properly filed in conjunction with his Federal Civil Rule 15(d) motion to amend as it sets forth information post-dating the Complaint itself. (Doc. 27).

By way of background, after filing this suit, Plaintiff Mary Jordan passed away. As the Court explained at the case management conference, any claims on her behalf must therefore be brought by the proper representative of her estate. And, as the Court further explained, Plaintiff Williams cannot represent another individual *pro se*. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct *their own cases personally* or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (emphasis added); *Zanecki v. Health Alliance Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) (because "pro se" means to appear on one's own behalf, a person may not appear pro se on another person's behalf in the other's cause of action"). Nor can Plaintiff (even were he the legally appointed personal representative of Ms. Jordan's estate) acting *pro se* prosecute this action on behalf of the estate. See *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015).

The parties and the Court previously discussed Plaintiff Williams's earlier motions for discovery (in which he sought the names of unknown police officers), and to amend his Complaint to elaborate on the emotional distress claim. The Court denied those motions, but granted leave to Plaintiff to amend his Complaint on or before February 21, 2022 in order to name proper parties to the case: new defendants and, should the estate of Ms. Jordan wish to pursue her claims – the estate (through counsel) as a substitute plaintiff. The Court further explained Plaintiff would be able to include in that Amended Complaint whatever supplementation he deemed necessary.

The Court finds Plaintiff's motions substantively seek to accomplish part of what was previously discussed – amend the Complaint to name additional defendants and supplement his claims. Given the liberal construction afforded to *pro se* pleadings, the Court construes these motions as in accordance with the Court's prior Order and grants both motions. Plaintiff shall, however, file an Amended Complaint setting forth all of his allegations in a single pleading on or before the previously-established deadline of February 21, 2022.

Further, should an Amended Complaint asserting Ms. Jordan's claims (with proper representation) not be filed on or before February 21, 2022, those claims will be dismissed without prejudice.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff Jerome Williams's Motions to Amend and Supplement Pleadings (Docs. 23, 24) be, and the same hereby are, GRANTED. Plaintiff shall file an Amended Complaint on or before February 21, 2022; and it is

FURTHER ORDERED that Defendants' Motion to Strike Plaintiff Williams's Affidavit (Doc. 26), be, and the same hereby is, DENIED.

    s/ *James R. Knepp II*
    UNITED STATES DISTRICT JUDGE